IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANDREA LORENZO COATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 324-078 |
| | ) | |
| PHILLIP GLENN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, an inmate at Coastal State Prison in Garden City, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.     **BACKGROUND**

The procedural history of Petitioner's underlying case, as well as the exact nature of his claims for federal habeas relief, are not entirely clear, but the Court can discern the following.  Petitioner states he pleaded guilty to possession of marijuana with intent to sell, damage to property, and an unspecified probation violation in the Superior Court of Dodge County, Georgia, and was sentenced to three years of incarceration on March 7, 2024.  (Doc. no. 1, pp. 1, 12-13.)  Petitioner denies filing any appeal from the judgment of conviction or any petition, application, or motion concerning the judgment of conviction in any court.  (Id. at 2-3, 13.)  In his federal petition, Petitioner challenges the voluntariness of his guilty plea,

asserts his confession was coerced, and argues evidence was obtained against him pursuant to an unconstitutional search and seizure and an unlawful arrest. (Id. at 16.)[1] Underlying some of these claims, Petitioner also raises issues concerning ineffective assistance of counsel. (See id.)

Petitioner commenced this case by submitting both a state court habeas corpus form with a heading indicating he may have intended to submit his application in the Superior Court of Dodge County, as well as a federal court habeas corpus form. (Doc. no. 1.) Petitioner also submitted an application to proceed *in forma pauperis* ("IFP") on a state court form. (Doc. no. 2.)

In an Order dated November 4, 2024, the Court denied Petitioner's motion to proceed IFP without prejudice because the information provided was incomplete and outdated. (Doc. no. 3, pp. 1-2.) The Court further explained that because Petitioner submitted two habeas corpus applications on both state and federal court forms, it was unclear whether he intended to seek state habeas relief, or federal habeas relief pursuant to 28 U.S.C. § 2254. (Id. at 3.) This ambiguity was further evidenced by the content of both his federal and state petitions submitted to this Court, which conceded Petitioner had not filed a direct appeal, nor had he previously filed any petitions, applications, or motions with respect to the conviction he seeks to challenge. (Doc. no. 1, pp. 2-3, 13.)

Accordingly, the Court explained if Petitioner intended to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254, he must submit a new motion to proceed IFP or pay the

---

[1] As discussed *infra*, Petitioner filed both a state habeas corpus petition and a federal habeas corpus petition. The Court summarizes herein only the grounds raised in his federal petition. (Doc. no. 1, p. 16; see also id. at 5-8.)

$5.00 filing fee *and* refile his petition on the standard form used by incarcerated litigants in the Southern District of Georgia.[2]  (Id. at 3.)  The Court also informed Petitioner that any future § 2254 petition will be subject to restrictions on "second or successive" filings and this case, should he choose to proceed with a federal habeas corpus petition, is his opportunity to raise all federal habeas claims he now believes he has.  (Id. (citing 28 U.S.C. § 2244(b)(3)(A); then citing Castro v. United States, 540 U.S. 375, 382-83 (2003); and then citing In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014)).)  In the same Order, the Court also explained any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to Petitioner by any state court procedure.  (Id. (citing 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); and then citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).)

The Court cautioned Petitioner if he failed to comply with the terms of the Order, the Court would presume he wishes to dismiss the current case.  (Id. at 4.)  Petitioner did not respond to the Court's November 4th Order.

## II.    DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies

---

[2] The Clerk of Court provided Petitioner with the appropriate IFP paperwork, Form AO 240, as well as the standard 28 U.S.C. § 2254 habeas corpus form petition stamped with this case number when serving the Court's November 4th Order.  (Doc. nos. 4-1, 4-2.)

available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir.

2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B.    Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that he has exhausted his state court remedies.  (See generally doc. no. 1.)  Indeed, he concedes he has not filed a direct appeal, nor has he filed any petitions, applications, or motions with respect to the conviction he seeks to challenge.  (Id. at 2-3, 13.)  Thus, Petitioner has not even completed the first step in the appellate process.  Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning challenges to the evidence presented against him in his underlying state court proceedings, the effectiveness of counsel, and the voluntariness of his guilty plea.  See Oubre v. Woldemichael, 800 S.E.2d 518, 524-25 (Ga. 2017) (challenging police investigative techniques); Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (raising ineffective assistance counsel claims); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002) (explaining challenges to guilty plea based on allegations of ineffective assistance may be raised in state habeas proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

In sum, Petitioner improperly attempted to circumvent the state habeas courts in favor of moving directly to the federal courts.  As explained herein, that leapfrog attempt is improper.

Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

### C.    The Petition Should Also Be Dismissed Because Petitioner Failed to Comply with the Court's November 4th Order

As described above, the Court explained if Petitioner intended to pursue federal habeas corpus relief, he must file a new federal habeas corpus petition and submit the $5.00 filing fee or motion to proceed IFP.  (See doc. no. 4.)  The Court further provided explicit instructions and the required forms for pursuing federal habeas corpus relief and cautioned Petitioner that failure to respond as instructed would result in a recommendation for dismissal without prejudice of this captioned case.  Petitioner did not respond, and his refusal to respond as instructed leaves the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."); Loc. R. 4.1 (commencing civil action requires payment of filing fee or filing IFP motion and failure to respond to Clerk's deficiency notice may result in dismissal by the Court).  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after

notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Thus, even if Petitioner had exhausted state remedies, which he concedes he has not, his case is also subject to dismissal for failure to pay the filing fee, submit an updated motion to proceed IFP, or provide the Court with a new federal habeas corpus petition in compliance with the Court's November 4th Order.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of December, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA